IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BECKY A. SHEPHERD,** | : |
| | : |
| **Plaintiff,** | : |
| | : Case No. 2:18-cv-417 |
| v. | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| **COMMISSIONER OF SOCIAL SECURITY,** | : |
| | : MAGISTRATE JUDGE DEAVERS |
| | : |
| **Defendant.** | : |
| | : |

**OPINION & ORDER**

This matter comes before the Court on Magistrate Judge Deavers's January 11, 2021 Report and Recommendation, recommending that the Plaintiff's Motion for Leave to File *Instanter* Motion and Brief in Support of Attorney Fees be **GRANTED** and that this Court **AWARD** Plaintiff attorney's fees in the amount of $18,000.00. (ECF No. 28). Defendant filed an Objection to this Report and Recommendation. (ECF No. 29). For the following reasons, this Court **ADOPTS** Magistrate Judge Deavers's Report and Recommendation and Defendant's objection is **SUSTAINED**.[1] Plaintiff's Motion for Leave to File *Instanter* Motion and Brief in Support of Attorney Fees is **GRANTED** and Plaintiff's request for $18,000.00 in attorney's fees is **GRANTED**.

I. BACKGROUND

In September 2019, this Court reversed the Commissioner of Social Security's non-disability finding as to Plaintiff Becky Shepherd, who sought disability benefits for her mental health conditions. (ECF No. 20). The matter was then remanded to the Commissioner and the

---

[1] This Court does not adopt the portion of the Report that analyzes the petition by reference to an implied hourly rate of $483.99 per hour.

1

Administrative Law Judge for further consideration. (*Id.*). In December 2019, Plaintiff moved for an award of $5,425.00 in attorney fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 22). Several days later, Plaintiff and Defendant then filed a joint motion for attorney fees under EAJA in the amount of $4,400.00. (ECF No. 24). In June 2020, this Court granted the joint motion and awarded attorneys' fees in the amount of $4,400.00 to Plaintiff.

On November 27, 2020, Ms. Shepherd filed a motion for leave to file *instanter* a motion and brief in support of attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 26). On remand, Plaintiff achieved a favorable decision by the ALJ on April 7, 2020. (ECF No. 26-2). Ms. Shepherd received her Benefits Award Notice on October 10, 2020. (ECF No. 26-3). Plaintiff's counsel prepared the Motion for Approval of Attorney Fees and filed it three days past the deadline set forth in Southern District of Ohio Civil Rule 54.2(b). (ECF No. 26 at 1–2). Counsel is seeking an award of $18,000. (ECF No. 26-1 at 6). Counsel represents that the filing was late because several employees were furloughed and the employee who primarily prepared fee petitions was in quarantine due to COVID-19 exposure. (ECF No. 26 at 1–2). Because counsel had administrative hearings scheduled, counsel was unable to complete preparation of the petition in time. (*Id.*). Plaintiff's counsel submits that neither party is prejudiced by the untimeliness, because the commissioner is retaining 25 percent of the past due benefits for paying Plaintiff's counsel and Plaintiff's counsel is not seeking the full 25 percent, so plaintiff will receive additional funds. (*Id.* at 2). The Commissioner of Social Security filed a response to Plaintiff's motion, discussing precedents from the Southern District of Ohio and concluding that "either reducing the fee sought by counsel or awarding the full fee requested would be within this Court's discretion." (ECF No. 27 at 2–5).

Magistrate Judge Deavers issued a Report and Recommendation on the Motion, recommending that the Motion for Leave to File be granted and that the Court award Plaintiff

attorney's fees in the amount of $18,000.00. (ECF No. 28). The Magistrate Judge contemplated the reasonableness of the fee award, using the twenty-five percent of past due benefits as a benchmark and then performing an "independent check." (*Id.* at 3). The Magistrate Judge acknowledged that accounting for the $4,400.00 EAJA fee awarded in June 2020, "which is to be refunded to plaintiff, the remaining fee to be paid by plaintiff would be $13,600.00, which equates to an hourly rate to plaintiff of about $483.99 per hour." (*Id.* at 4 (quoting ECF No. 26-1 at 7)). Magistrate Judge Deavers also considered the existence of a contingency fee agreement between the parties. (*Id.*). The Magistrate Judge concluded that the delay in filing was not prejudicial to any party and was excusable in light of the COVID-19 pandemic. (*Id.* at 4–5).

On January 20, 2021, the Commissioner of Social Security timely filed an Objection to the Report and Recommendation. (ECF No. 29). The Defendant does not object to the award of fees as requested but raises an objection to a portion of the rationale used in the Report and Recommendation. (*Id.* at 1). The Commissioner of Social Security notes that it is improper for a fee motion to subtract the EAJA award because "the EAJA fee is a wash." (*Id.* (quoting *Ringel v. Comm'r of Soc. Sec'y*, 295 F. Supp 3d 816, 839 (S.D. Ohio 2018)). Rather, the refund of the EAJA for prevents double recovery for the same work. (*Id.* at 2). The Commissioner concludes by deferring to the Court's discretion and requesting that "the Court not adopt the portion of the Report that analyzes the petition by reference to an implied hourly rate of $483.99 per hour." (*Id.*).

Pursuant to 28 U.S.C. § 636, a magistrate judge may issue a report and recommendation for any dispositive motion. 28 U.S.C. § 636(b)(1). A party may raise specific objections to a magistrate judge's recommendation, which are then reviewed *de novo* by the district court. 28 U.S.C. § 636(b)(1)(C), *see Thomas v. Arn*, 474 U.S. 140, 152–53 (1985). As the time limit for filing a reply

to the objection has passed, this Court will now resolve the Report and Recommendation and the objection thereto.[2]

## II.　LAW & ANALYSIS

Section 406(b) of the Social Security Act requires federal courts to determine and award a reasonable fee, not to exceed 25 percent of the total past-due benefits to which a claimant is entitled. 42 U.S.C. § 406(b)(1)(A). Courts have an "affirmative obligation" to determine whether a fee award is reasonable, even if fees are unopposed and based on a standard contingency fee agreement within the statutory cap. *Ringel v. Comm'r of Soc. Sec'y*, 295 F. Supp. 3d 816, 822 (S.D. Ohio 2018). Fees under § 406(b), unlike EAJA awards, are paid "directly out of, and therefore directly reduces, the amount of past-due benefits paid to the disabled claimant." *Id.* The Sixth Circuit has instructed that the federal judiciary must ensure that the "fees charged are reasonable and do not unduly erode the claimant's benefits." *Royzer v. Sec'y of Health & Human Servs.*, 900 F.3d 981, 982 (6th Cir. 1990).

In *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418 (6th Cir. 1991), the Sixth Circuit held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." 923 F.2d at 422. The calculation of this rate is often referred to as the *Hayes* floor. Courts may then consider a variety of factors to determine whether a fee exceeding the *Hayes* floor is still reasonable, including:

> 1) the number of years that past benefits have accrued and whether extraordinary delay has resulted in an inordinately large past-due benefits award (without regard to any fault of counsel); (2) the quality and quantity of hours, including the typicality of claims, the efficiency of the attorney performing those hours, and any

---

[2] The Commissioner's Objection does not address the untimely filing of the petition. The delay in filing was minimal and counsel provided good cause for the delay. No party has been prejudiced by the delay in filing. Accordingly, this Court **ADOPTS** the Report and Recommendation as it pertains to this issue and **GRANTS** the Motion for Leave to File *Instanter* Motion and Brief in Support of Attorney Fees.

> non-compensable work; (3) the extent to which counsel has compromised the fee; and (4) whether the motion is opposed by the Commissioner, and/or any other factors that provide a reasoned basis for the exercise of discretion.

*Ringel*, 295 F. Supp. 3d at 842. The *Ringel* decision advocated the use of the EAJA fee rate of $125.00 as the standard rate where counsel does not submit evidence of their normal billing rate for comparable, non-contingent work. *Id.* at 829–31. Other courts have rejected this approach as it does not account for the skill and experience of the attorney, such that it would "likely discourage experienced attorneys from representing social security claimants." *See Lee v. Comm'r of Soc. Sec'y Admin*, No. 3:14-cv-291, 2018 WL 2999909, at *4 (S.D. Ohio June 15, 2018). The *Lee* court considered hourly billing rates for attorneys in social security cases and the experience of counsel in finding a fee award of $675.00 per hour to be appropriate. *Id.* A court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expanded." *Rodriquez v. Bowen*, 865 F.2d 749, 746 (6th Cir. 1989).

This Court must consider whether the award of $18,000.00 in attorney fees is reasonable and ensure that it does not constitute a windfall. In October 2020, Ms. Shepherd received an award of past due benefits in the amount of $135,545.20 for benefits dating back to July 2014. (ECF No. 26-1 at 1–2). These benefits were issued following this Court's remand to the ALJ, after the ALJ initially issued a finding that Ms. Shepherd was not disabled. (ECF No. 20; ECF No. 26-2). Plaintiff is receiving $135,454.20 in past due benefits and $31,945.75 of this award is being withheld for attorney fees. (ECF No. 26-1 at 1–2; ECF No. 26-2). Counsel is moving for an award based on benefits awarded up through the month before the ALJ's decision, or $125,865.00. (ECF No. 26-1 at 2). Ms. Shepherd entered into a contingency fee arrangement with her counsel to pay 25 percent of past due benefits if she received a favorable outcome. (ECF No. 26-4). Counsel now seeks

5

approximately 14.3 percent of the benefits awarded, while the fee agreement and statutory cap would allow counsel to seek up to 25 percent of this amount, provided the Court were to also find this amount reasonable.

Plaintiff's counsel achieved a successful outcome for Plaintiff, in the form of an ALJ determination in her favor and award of approximately 6 years in back due benefits. She will continue to net a benefit of $21,280.00 per year, once her Medicare premiums are deducted from her benefit. (*Id.* at 5). Had Ms. Shepherd's appeal been unsuccessful, counsel represents that she would have been forced to apply to early retirement benefits, which would only amount to $16,104.00 annually, and she would not have been entitled to any freezing of her earning records. (*Id.* at 6). Plaintiff's counsel is an experienced practitioner, having represented Social Security disability claimants for 37 years. (ECF No. 26-7). He has also been designated as a board-certified specialist in Social Security by the National Board of Trial Advocacy. (*Id.*). His non-contingent hourly rate is at least $350.00 when working on comparable matters. (*Id.*). Plaintiff's counsel represents that he takes cases on a contingency basis to account for the risks inherent in this practice area. (*Id.* at 2). The Ohio State Bar Association's 2019 attorney hourly billing rates report demonstrates that the median hourly rate for attorneys specializing in Social Security is $363.00, with more experienced counsel billing between $385.00 and $395.00 per hour. (ECF No. 26-8 at 3). Counsel's hourly billing rate is below the median amount for Ohio practitioners in his specialty area, and no party disputes the reasonableness of his standard hourly rate.

This Court finds that the fee award requested in this case is reasonable and does not constitute a windfall in these circumstances. This Court will follow the rationale in *Lee* and utilize counsel's standard hourly rate to determine whether his fee request is reasonable, given the need to incentivize experienced practitioners to continue assuming the risk of representation on a

contingency basis. Under *Hayes*, an hourly rate that is less than twice the standard rate is *per se* reasonable. Plaintiff's counsel performed 28.1 hours of work for which he is seeking $18,000.00 in fees, which results in an hourly rate of $640.57. He represents that his typical hourly rate in similar, non-contingent matters is $350.00. Under *Hayes*, an hourly rate below $700.00, which is twice his standard hourly rate, would be *per se* reasonable. Counsel is thus seeking an award of attorney fees below the *Hayes* floor, which is presumptively reasonable under Sixth Circuit law. While the size of the award in this case is large because six years elapsed between the date of the application and the date benefits were awarded, this delay was not the fault of Plaintiff's present counsel. Plaintiff's counsel began representing the Plaintiff after she was represented by another law firm during her initial administrative proceedings, which were unsuccessful. (ECF No. 26-1 at 4). Counsel filed this federal court action on Plaintiff's behalf in April 2018, which resulted in a favorable opinion remanding the matter back to the ALJ in September 2019. On April 7, 2020, the Social Security Administration issued a fully favorable decision to Ms. Shepherd. (ECF No. 26-2). Ms. Shepherd received her past due benefits in October 2020 and continues to benefit from counsel's representation of her in this suit. Counsel reduced the amount of his request to $18,000.00. Given the circumstances, Plaintiff's requested fee award does not constitute a windfall.

### III.   CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Magistrate Judge Jolson's Report and Recommendation. Thus, Defendant's Objections to the Magistrate Judge's Report and Recommendation are **OVERRULED** and Plaintiff's Response to Defendant's Objections is **SUSTAINED**. The Commissioner's finding of non-disability is **REVERSED,** and the case **REMANDED** to the ALJ. Plaintiff's counsel is further **ORDERED** to refund the EAJA fee amount of $4,400.00 to Plaintiff, upon payment of the § 406(b) fees.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  April 6, 2021**